UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
IMTIAZ KHAN,

                        Petitioner,

                                                                         <u>ORDER</u>

   -against-

                                                                         04 CV 5362 (NGG)


DENNIS BRESLIN, Superintendent,
Arthur Kill Correctional Facility,

                        Respondent.
-------------------------------------------------------------------X
GARAUFIS, United States District Judge.

      On December 6, 2004 petitioner Imtiaz Khan filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Noting that the petitioner's conviction became final on June 17, 2001, more than three years prior to the filing of this petition, I ordered Khan on December 30, 2004 to file an affirmation demonstrating why his petition should not be dismissed as time-barred under the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1). Khan's affirmation, dated February 24, 2005, was filed on March 1, 2005. In this affirmation, Khan presented three separate explanations for why his petition should be considered timely.

      First, Khan asserted that the period between his conviction and October 2002, when he received a copy of the transcript of his state court proceedings, should be excluded from the computation because of the state court's refusal to provide him a transcript free of charge since Khan had retained counsel at trial and had been released on substantial bail. Khan contends that this denial constitutes a state-created impediment to the filing of his petition within the meaning

1

of 28 U.S.C. § 2244(d)(1)(B). (Khan Aff. ¶¶22-28). In the alternative, Khan asserts that he did not learn that he would be subject to a period of post-release supervision and possible deportation, and thus that his attorney had not advised him of the full consequences of his guilty plea, until June 2001 and January 2002, respectively. He therefore urges that because these "factual predicates" of his claim could not have been discovered through due diligence prior to these dates, his time to file was tolled until January 2002 in accordance with 28 U.S.C. § 2244(d)(1)(D). (Id. ¶¶ 29-37). Finally, Khan asserts that his one-year filing period was tolled during the pendency of his state post-conviction motions pursuant to 28 U.S.C. § 2244(d)(2). (Id. ¶¶ 38-44).

Khan's petition must be dismissed as time-barred because even if each of the periods described above is excluded from the computation, Khan's one-year period to file expired prior to the filing of the instant petition. According to Khan, the tolling period provided by the "state-created impediment" ended in October 2002. The next asserted tolling period then began with the filing of Khan's § 440.20 motion on January 13, 2003. At a minimum, then, taking October 31, 2002 as the date when Khan received the state court transcripts, 73 non-tolled days elapsed during this period. Khan's § 440.20 motion was denied by the Appellate Division on May 19, 2003, thus ending this tolling period. Khan then asserts that his time to file this petition was again tolled by the filing of a § 440.10 motion on June 20, 2003. Another 31 days elapsed between the denial of the § 440.20 motion and the filing of the § 440.10 motion. Finally, the Appellate Division denied Khan's petition seeking leave to appeal the denial of his § 440.10 motion on January 13, 2004. He then waited until December 6, 2004 to file his habeas petition. An additional 325 days lapsed during that time. Taken together, these three periods, which Khan

does not assert were subject to any tolling provision of the AEDPA statute, total 429 days. This period, of course, is greater than one year. Thus, even crediting Khan's highly contestable accounting of the time between the date his conviction became final and the date that he filed this petition, his petition is untimely. This court therefore lacks jurisdiction to hear Khan's claims. Accordingly, this petition is dismissed.

The Clerk of the Court is directed to close this case. A certificate of appealability shall not issue.

SO ORDERED.

Dated: April 28, 2005  _____/s/_____
     Brooklyn, NY  Nicholas G. Garaufis
                                                         United States District Judge